

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# LUFKIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 9:11-CR-19 |
| | § | |
| | § | |
| JARRETT LEE HARRISON | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Jarrett Lee Harrison, violated conditions of supervised release imposed by United States District Judge Christina A. Snyder of the Central District of California. The United States Probation Office filed its *First Amended Petition for Warrant or Summons for Offender Under Supervision* requesting the revocation of Defendant's supervised release. The Court conducted a hearing on June 26, 2012, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that Defendant has violated conditions of supervision and

recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A. Procedural History

On March 16, 2009, The Honorable Christina A. Snyder of the Central District of California sentenced Defendant after he pled guilty to the offense of Fraudulent Use of an Unauthorized Access Device, a Class C felony. Judge Snyder sentenced Mr. Harrison to 6 months imprisonment followed by 3 years supervised release subject to the standard conditions of release, plus special conditions to include $12,500.00 restitution, $100 mandatory special assessment, 20 hours per week of community service while not employed, restricted use of personal identification, financial disclosure, checking account restrictions and asset restrictions. On June 10, 2009, Jarrett Lee Harrison completed his period of imprisonment and began service of the supervision term.

On March 18, 2011, jurisdiction over the case was transferred from the Central District of

California to the Eastern District of Texas. The case is assigned to the docket of United States District Judge Ron Clark.

### B. Allegations in Petition

The United States alleges that Defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state, or local crime.*

Jarrett Lee Harrison was convicted of Credit Card Abuse, Navarro County District Court Cause No. 33,621, after pleading guilty on June 24, 2011. He was sentenced to twelve months state jail and $664 court costs.

### C. Evidence presented at Hearing:

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. As an exhibit, the Government submitted a copy of judgment of conviction entered against Jarrett Lee Harrison in the 13th District Court of Navarro County, Texas, showing that he was convicted of the offense of credit card abuse on June 24, 2011, and sentenced to 12 months in the Texas Department of Criminal Justice (TDCJ), state jail division.

Defendant offered a plea of true to the allegation set forth in the petition which alleges that he was convicted of the state crime of credit card abuse.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that Defendant violated a mandatory condition of his supervised release by committing a state crime while on supervised release.

The state crime conviction for credit card abuse, a crime committed in violation of Defendant's supervision conditions, constitutes a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke Defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1).

Based upon Mr. Harrison's criminal history category of I and the Grade B violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, less any time the Defendant may have already served in prison for a previous revocation. *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release. *See* 18 U.S.C. § 3583(h). The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. *Id.* Because the original offense of conviction was a Class C felony, the maximum term of supervised release that may be imposed in this revocation proceeding is not more than three years, less any term of imprisonment imposed for the revocation. 18 U.S.C. § 3583(b)(2) and (h); *see also* U.S.S.G. § 7B1.3(g)(2).

According to Fifth Circuit precedent, Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is, and has always been, only advisory. *See United States v. Hinson*, 429 F.3d 114, 117 (5th Cir. 2005); *United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (Citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*,

963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Therefore, the Court will take into account the facts of this case, the nature of the offense, and Defendant's history and characteristics in determining the appropriate sentence the supervision violations and the resulting revocation. The statute is clear in giving the Court the ability to revoke a defendant's supervised release once a violation has been established by a preponderance of the evidence. *See* 18 U.S.C. § 3583; *United States v. Grandlund*, 71 F.3d 507, 509 n.2 (5th Cir. 1995). The violation of just one condition is enough to sustain revocation under the statute.

Here, the evidence supports a finding that Mr. Harrison was convicted of a new crime in violation of his terms of supervised release. The Defendant voluntarily pled true to this conduct.

Based upon the Defendant's situation and time previously served in custody, the Defendant and his counsel requested that the Court impose a term of imprisonment at the lower end of the Guideline range suggested for the Grade B violation with no supervision to follow. The Defendant also allocuted to the Court, explaining his personal situation and background, addressing his criminal history and describing his difficulties with supervision.

In opposition, the Government argued that the Court should follow the recommendation

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

of the United States Probation Office and sentence Harrison to the higher end of the Guidelines with a new term of supervision, including halfway house time, to follow. The Government pointed out that Harrison knowingly committed a new state crime while on supervision and that he failed to turn himself in and report to his probation officer when directed.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade B violation of committing a new state crime, as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes the following facts into consideration.

There is no disputing that Harrison pled guilty and was in fact convicted on the credit card abuse charge and served a state jail sentence for that offense. The record indicates that when Harrison was originally sentenced in this federal case, he received the minimum sentence suggested by the Guidelines, 6 months imprisonment and 3 years supervision. Mr. Harrison began serving his supervision term on June 10, 2009. The record also indicates that he committed at least one other state crime - theft of property - while on supervision, having committed the crime on December 8, 2010, and having been convicted on March 17, 2011, in Angelina County. The Court makes no finding on this violation for purposes of the petition to revoke, but the undersigned does take this conduct into account when considering the appropriate sentence. Mr. Harrison has exhibited a pattern of committing fraud-type criminal offenses both previous to and during his term of supervision. Other court-ordered terms of imprisonment have not deterred him from this conduct and he has shown a disregard not only for other court's directives, but also the instructions of his probation officer. The record also indicates that Mr. Harrison was advised by his probation officer, Susan Budjenska, that he had the opportunity to report and self-surrender on the active federal

warrant associated with the pending petition to revoke. Instead, Harrison refused to report and law enforcement subsequently arrested him in the Northern District of Texas. He has accordingly shown some difficulty in complying with his supervision conditions and following the directives of the Probation Office, and most importantly, difficulty following the law while on supervised release. He has been given the opportunity to comply and correct his behavior and he has received lenient sentences in the past. All of these factors lead the Court to conclude that the recommended sentence proposed by the United States Probation Office at the high end of the Guideline range is warranted. Based on the totality of the circumstances and the evidence in this case, the Court concludes that 10 months imprisonment is an appropriate sentence for the Grade B violation committed by Harrison. The Court also finds that an additional term of supervision, to include halfway house time, is appropriate in light of his continued disregard for the help offered to him while on supervision and his exhibited inability to adjust to a life free of criminal behavior.

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned further recommends that the District Court order Defendant to serve a term of **ten (10) months imprisonment** in this cause. The Court further recommends that Harrison be placed in the Federal Medical Center in Butner, North Carolina, for service of the prison term, if possible, to enable him to receive mental health counseling and treatment while incarcerated.

The Court further recommends that, upon his release from prison, Mr. Harrison should be sentenced to a new term of **supervised release for twenty-six (26) months.** The new term of supervision should be subject to the following conditions, as recommended by the United States

Probation Office:

"Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and shall observe the rules of that facility.

It is further ordered that the defendant is to pay restitution totaling $12,500 to the victim listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 15 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 SE Loop 323, #287, Tyler, Texas 75701. Interest is waived.

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring ability to pay outstanding restitution and monitor employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a program of psychiatric and mental health services and shall comply with any medication requirements as prescribed by the treatment provider.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The defendant shall be required to submit to a drug test within 15 days of release on supervised release, and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer."

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 6th day of July, 2012.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE